# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 25, 2015

| | |
|---|---|
| * * * * * * * * * * * * <br> ALEX B. KENZORA,  * <br> * <br> Petitioner,  * <br> * <br> v.  * <br> * <br> SECRETARY OF HEALTH  * <br> AND HUMAN SERVICES,  * <br> * <br> Respondent.  * <br> * <br> * * * * * * * * * * * * | PUBLISHED <br> Chief Special Master Dorsey <br><br> No. 10-669V <br><br> Motion for Relief from Judgment; <br> Vaccine Rule 36; RCFC 60(b)(5); <br> RCFC 60(b)(6); RCFC 60(b)(1) |

Jeffrey A. Golvash, Brennan, Robins & Daley, P.C., Pittsburgh, PA, for petitioner.
Amy Paula Kokot, United States Department of Justice, Washington, D.C., for respondent.

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT[1]

On March 13, 2015, petitioner filed a Motion for Relief from Judgment pursuant to Rule 60 of the Rules of the United States Court of Federal Claims ("RCFC") and RCFC, Appendix B, Vaccine Rule 36. Because petitioner has failed to demonstrate circumstances that justify relief under RCFC 60, his motion for relief is denied.

I.   **Procedural History**

On October 4, 2010, Alex B. Kenzora filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Mr. Kenzora alleged that he suffered transverse myelitis as a result of an influenza vaccination administered to him on October 19, 2007. Petition at

---

[1] Because this published order contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Preamble.  The parties filed a stipulation awarding compensation to petitioner on April 30, 2013, and a decision adopting the parties' stipulation was issued the same day.  Judgment was entered on May 6, 2013, and petitioner elected to accept the judgment on May 7, 2013.  The sum awarded to petitioner included, *inter alia*, a lump sum of $104,737.34 as compensation for pain and suffering and past unreimbursable expenses; a lump sum of $269,388.21 as reimbursement of a State of West Virginia Medicaid lien; and an amount sufficient to purchase an annuity contract described in the stipulation as compensation "for all remaining damages that would be available under 42 U.S.C.§ 300aa-15(a)."  Stip. ¶¶ 8(a),(b),(d), 10.  As provided in the stipulation, the annuity payments are "$6,000 per month for five (5) years life contingent, increasing at three percent (3%) compounded annually from the date payments begin."  Id. at ¶10.

On March 13, 2015, petitioner filed a Motion for Relief from Judgment pursuant to RCFC 60(b)(6) and RCFC, Appendix B, Vaccine Rule 36.  Petitioner asserts that his monthly nursing facility charge is much higher than expected, and that the monthly annuity payment is insufficient to cover the cost.  Pet. Motion, ¶ 2.  In his motion, petitioner requested that the court liquidate or modify the annuity so as to enable petitioner to qualify for Medicaid.  Id. at ¶¶ 4-5.  A status conference was held on March 18, 2015 to discuss petitioner's motion, and the Special Master ordered petitioner to file a memorandum of law concerning the situations in which relief from judgment is appropriate.  Petitioner's memorandum was filed April 4, 2015.  On the same day, petitioner filed an Amended Motion for Relief from Judgment, adding Rule 60(b)(5) as a ground for relief, and adding a request that the judgment be set aside or modified in order to allow supplemental compensation to offset the annuity shortfall.  Pet. Amended Motion ¶¶ 3-4.

## II.   The Applicable Legal Standards

Under Vaccine Rule 36, Appendix B, RCFC, a party may seek relief from judgment pursuant to Rule 60 of the RCFC.  RCFC 60(b)(1)-(6).[3]  Rule 60(b) provides an "'exception to finality,' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"  Kennedy v. Sec'y of Health & Human Servs., 99 Fed. Cl. 535, 548 (2011) (quoting Gonzales v. Crosby, 545 U.S. 524, 529 (2005)).  "The court has discretion regarding whether to grant relief under rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'"  Curtis v. United States, 61 Fed. Cl. 511, 512 (Fed. Cl. 2004)(citing Dynacs Eng'g Co. v. United States, 48 Fed. Cl. 240, 241-42 (2000)).  Rule 60(b) as a remedial provision is to be "liberally construed for the purpose of doing substantial justice," Patton v. Sec'y of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994).  However, relief should not be granted "if substantial rights of the party have not been harmed by the judgment."  Dynacs Eng'g Co., 48 Fed. Cl. at 242.

### *i. Timing of Rule 60(b) Motions*

The court may grant relief from a final judgment on the following grounds:

---

[3] RCFC 60(b) is a virtual duplicate of Federal Rule of Civil Procedure 60(b), and they have been interpreted the same.  See Information Systems & Networks Corp. v. United States, 994 F.2d 792, fn. 3 (Fed. Cir. 1993).

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence . . . ;
(3) fraud . . . misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
(6) any other reason that justifies relief.

RCFC 60(b). A motion under RCFC 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1). Thus, a motion based on a ground enumerated in clauses (1)-(3) is completely barred if not made within the requisite one year time period. See Freeman v. Sec'y of Health & Human Servs., 35 Fed. Cl. 280, 283 (Fed. Cl. 1996).

### ii. Relief from Judgment Under Rule 60(b)(5)

Rule 60(b)(5) provides for relief from a judgment where "applying it prospectively is no longer equitable." RCFC 60(b)(5). As this court has previously stated, "prospective application" is a term of art with specific meaning. See Lemire v. Sec'y of Health & Human Servs., 2008 WL 2490654, *7 (Fed. Cl. Sp. Mstr. June, 2008). It is meant to be interpreted in light of Supreme Court decisions dealing with the power of the court to modify *injunctive* relief. Id. (referring to United States v. Swift & Co., 286 U.S. 106 (1932) and State of Penn. v. Wheeling & Belmont Bridge Co. 59 U.S. 460 (1855). Accordingly, a judgment with "prospective application" is one that "is 'executory' or involves 'the supervision of changing conduct or conditions.'" Lemire, 2008 WL 2490654 at *7 (summarizing Swift and Wheeling). Unlike injunctive relief, judgments for money damages do not have "prospective effect," and are not subject to modification under Rule 60(b)(5). See Ryan v. United States Lines Co., 303 F.2d 430, 434 (2d Cir. 1962) (citing Wheeling).

### ii. Relief from Judgment Under Rule 60(b)(6)

The catchall provision of Rule 60(b)(6) provides for relief from judgment upon "any other reason that justifies relief." RCFC 60(b)(6). However, relief under 60(b)(6) cannot be asserted on one of the grounds for relief enumerated in 60(b)(1) through (5). Freeman, 35 Fed. Cl. at 283; Kennedy, 99 Fed. Cl. at 547 (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)). Clauses (1)-(4) are mutually exclusive with clauses (5) and (6). Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 393 (1993). In addition, in order to justify relief, a showing of "extraordinary circumstances" is required. Kennedy, 99 Fed. Cl. at 548 (2011) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). Rule 60(b)(6) permits the decision maker to grant relief from judgment to a party only in circumstances in which a "grave miscarriage of justice" would otherwise result. Id. at 540 (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). This narrow use of Rule 60(b)(6) is essential in order to preserve the finality of judgments. Id. at 548 (citing Gonzalez, 545 U.S. at 535 (2005)).

3

*iii. Relief from Judgment Under Rule 60(b)(1)*

Although petitioner has not asserted clause (1) of Rule 60(b) as a ground for relief, the court notes that Rule 60(b)(1) provides for relief in the case of "mistake, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1). The Rules do not define the meaning of "mistake" under Rule 60(b)(1). However, the United States Court of Federal Claims has held that the term encompasses "[a]n error, misconception, or misunderstanding; an erroneous belief." Curtis, 61 Fed. Cl. at 514 (2004) (quoting *Black's Law Dictionary,* 1017 (7th ed.1999)). The "mistake" at issue may be on the part of a party, counsel or the court. Id. at 514-15.

**III.     The Motion for Relief from Judgment**

Petitioner requests that the court grant relief from the judgment pursuant to Rule 60(b)(5) and (6) on the respective grounds that "changed circumstances have made the prospective application of the judgment no longer equitable" and that the "substantial rights of the petitioner will be harmed" if not granted. Petitioner's Memorandum in Support of Motion for Relief from Judgment at 4. However, the facts presented do not meet the criteria required for relief under RCFC 60(b), and therefore do not warrant relief from the judgment.

*i. Relief from Judgment is Not Available Under Rule 60(b)(5)*

The fact that the annuity payments petitioner receives under the judgment do not fully cover petitioner's nursing facility costs is not a circumstance that makes "the prospective application of the judgment no longer equitable" within the meaning of Rule 60(b)(5). The receipt of annuity payments over several years is not the type of "prospective application" that Rule 60(b)(5) contemplates may be rendered inequitable due to changed circumstances. Rather, the rule is meant to be read primarily in the context of injunctive relief, and judgments whose continuing effects are "'executory' or involve[] 'the supervision of changing conduct or conditions.'" Lemire, 2008 WL 2490654 at *7. Rule 60(b)(5) has been held not to apply to judgments for money damages. Ryan, 303 F.2d at 434. More specifically, this court has previously stated regarding to cases brought pursuant to the National Vaccine Act: "[a]s actions *in rem* to receive monetary compensation from a finite fund, the nature of Vaccine Act petitioner fits the most basic and traditional common law definition of an action at law. As an action for money damages, it is incongruent to a basic understanding of prospective relief." Lemire, 2008 WL 2490654 at *8.

In this case, while the annuity payments themselves are "executory" in the sense that they are to be made over the course of five years, the *judgment* that provided for respondent's purchase of the annuity is not executory. Judgment entered pursuant to the parties' stipulation, the annuity was purchased using finite funds, and the annuity has provided a monthly income stream to petitioner since.

In addition, the fact that petitioner's actual cost of care is higher than anticipated is not a "changed circumstance" of the sort that warrants relief under Rule 60(b)(5). Petitioner states that due to 'an unforeseen and unanticipated increase in the monthly nursing facility charges

4

communicated to and understood by the parties at the time the Settlement Stipulation was executed," application of the judgment is no longer applicable. Pet. Memo. at 6. However, petitioner made a request upon the nursing facility for the current room and board charges before entering the settlement agreement. Id. at 2. At that time, petitioner was quoted a per-day charge for a semi-private room (of the type petitioner occupies) of $195.00. Id. He was advised by the facility that the quoted rates were "not anticipated" to increase over the next two years, but the quote also noted that "[a]ll ancillary services as well as pharmacy will be billed **separately** for private pay residents." See Pet. Affidavit at ¶ 4, and rate quote attached to affidavit. Petitioner suggests that one reason for the rate increase is the fact that his vaccine injury settlement rendered him ineligible for Medicaid. Id. at ¶ 8. However, by his own admission, petitioner states that he anticipated that his vaccine injury settlement would render him ineligible for Medicaid benefits. Pet. Memo. at 2. It appears that the "changed circumstances" petitioner alleges are actually the result of an erroneous belief held by petitioner *at the time he entered into the settlement*—that the quoted nursing facility costs would remain fixed in the future.

To the extent that petitioner seems to be asserting a misunderstanding on the part of himself or his counsel at the time of entering the settlement agreement, the court notes that his claim for relief might have been more appropriately brought under Rule 60(b)(1), which provides for relief in the case of "mistake." RCFC 60(b)(1). However, petitioner does not assert Rule 60(b)(1) as a ground for relief, and he would be time-barred from doing so. A motion based on Rule 60(b)(1)-(4) must be brought within one year of the date judgment is entered. RCFC 60(c)(1). In addition, to the extent that petitioner's claim is one of "mistake," petitioner cannot escape the strict timing requirements of clauses (1)-(4) by bringing a motion under clause (5) or (6) that is actually premised on a ground for relief enumerated in clause (1) through (4). See Kennedy, 99 Fed. Cl. at 547-48 (quoting Liljeberg, 486 U.S. at 863 (1988)). In this case, petitioner's Motion for Relief from Judgment was filed on March 13, 2015, almost two years after judgment was entered on May 6, 2013. Therefore, petitioners' asserted ground for relief may not be a ground enumerated in Rule 60(b)(1)-(4).

Petitioner cites Zimmerman v. Quinn in support of his motion, as an example of where "changed circumstances" warranted relief from judgment under Rule 60(b)(5). 744 F.2d 81 (10th Cir 1984). In Zimmerman, the plaintiff sought an accounting of income from oil, gas, and mineral leases that the defendant allegedly held in constructive trust for plaintiff. Id. at 81. In accordance with the parties' settlement stipulation, the court's judgment required defendant to "immediately transfer" to plaintiff a one-third interest in certain oil, gas, and mineral leases that defendant held, and provided that defendant would bear all tax liability until the date of transfer. Id. at 81-82. Although the language of the settlement agreement provided that defendant would bear this expense until the transfer was complete, the court found that both parties expected the transfer to occur within thirty to sixty days after judgment, but it took nearly eighteen months. Id. at 82-83. The court granted defendant's motion to modify the judgment under Rule 60(b)(5) because of the "changed circumstances" that the delay incurred. Id. at 83. The judgment modified in Zimmerman "imposed the tax liability on the defendant *until the occurrence of a specified event*." Id. (emphasis added). The judgment required that the defendant convey the interest to plaintiff, and the change in circumstances—the delay—occurred *before* plaintiff had received the benefit of the judgment. In the present case, however, respondent purchased the

annuity in accordance with the terms of the stipulation and judgment. Once purchased, petitioner received payments from the annuity, and the terms of the judgment were no longer executory.

### *iii. Relief from Judgment is Not Available Under Rule 60(b)(6)*

The fact that the annuity does not fully cover all of petitioner's costs is not a basis on which to set aside the judgment under Rule 60(b)(6). Rule 60(b) is an "exception to finality," and clause (6) must be construed narrowly in order to preserve the finality of judgments. Kennedy, 99 Fed. Cl. at 548 (citing Gonzalez, 545 U.S. at 529, 535). Relief from judgment under Rule 60(b)(6) must be justified by a showing of "exceptional circumstances," where a "grave miscarriage of justice" would result, and the "substantial rights" of the party would be harmed if relief is not granted. Kennedy, 99 Fed. Cl. 535 at 540, 548; Dynacs Eng'g Co., 48 Fed. Cl. at 242.

The substantial rights of a petitioner may be harmed where petitioner has been deprived of a full and fair opportunity to be heard on the merits. Relief has been granted under Rule 60(b)(6) where, "through no fault of their own" petitioners lost the opportunity to have their case decided on the merits due to have been misled by their attorney. Freeman, 35 Fed. Cl. at 284. See also Coleman v. Sec'y of Health & Human Servs., 2011 WL 6828475, *4 (Fed. Cl. Spec. Mstr. Dec. 7, 2011) (relief was granted under Rule 60(b)(6) where petitioner was deprived of her right to receive consideration of a meaningfully developed record because of her counsel's repeated failure to make timely filings). However, Rule 60(b)(6) does not relieve a party from a "free, calculated, and deliberate choice." Kennedy, 99 Fed. Cl. at 548 (quoting Ackermann, 340 U.S. at 198). Accordingly, relief is generally not available under clause (6) for ineffective assistance of counsel or for an adverse judgment resulting from a litigant's decision to proceed *pro se*. Id.

Petitioner asserts that having to expend his personal savings and pain and suffering award on nursing facility costs constitutes harm to his "substantial rights," and was "not the intended result" of the settlement. Pet. Memo. at 10. Petitioner compares his case to Coleman, where the court ruled that "a failure to grant the motion would unduly and significantly impair petitioner's right *to receive consideration of a meaningfully developed record* based solely on her counsel's repeated failures to make timely filings." 2011 WL 6828475 at *4 (emphasis added). Petitioner states that failure to grant relief in his case would "unduly and significantly impair Petitioner's right *to realize the full and complete benefit of the bargain* reached by way of Stipulation and resulting judgment through no fault of his own and by reason of events not contemplated by the parties." Pet. Memo. at 11 (emphasis added). The deprivation of petitioner's opportunity in Coleman to receive consideration of the record is simply not the same issue as petitioner's post-judgment dissatisfaction with the settlement terms in the present case. The judgment here is a significant award to petitioner that covers the majority of his care, and based on the procedural history it appears the settlement was well negotiated. Petitioner entered into the settlement represented by counsel after months of negotiation, had the opportunity to investigate the cost of nursing facility care before doing so, and has been compensated according to the terms of the stipulation. Although petitioner may have been under the mistaken impression that the nursing facility rates would remain constant in the future, this mistake is not an "exceptional

6

circumstance" that harms petitioner's "substantial rights," and does not warrant relief from a final judgment under Rule 60(b)(6).

### *iv. Granting this Motion Would not Provide the Result Petitioner Requests*

Finally, the result that petitioner seeks would not be achieved if this motion was granted. Petitioner asks that the court liquidate or modify the annuity, or set aside or modify the judgment in order to allow supplemental compensation. See Pet. Motion, ¶¶ 4-5; Pet. Amended Motion, ¶¶ 3-4. The court lacks the authority to make this modification under the Vaccine Act as well as under the terms of the stipulation. Therefore even if petitioner's motion for relief from judgment were granted, the court could only set aside and vacate the settlement judgment entirely, not modify the award.[4]

The Vaccine Act does not permit for periodic adjustments of awards where the award later proves insufficient to meet actual expenses. See Neher v. Sec'y Dep't of Health & Human Servs., 984 F.2d 1195, 1200 (Fed. Cir. 1993); McCollum v. Sec'y of Health & Human Servs. 91 Fed. Cl. 86, 93 (Fed. Cl. 2010). The Vaccine Act originally contained a provision for doing so, but was amended in 1987 to delete that provision. Id.; Pub. L. No. 99-660, § 2112(f), 100 Stat. 3755, 3762 (1986); Vaccine Compensation Amendments of 1987, Pub.L. No. 100–203, § 4303(d)(2)(A), 101 Stat. 1330–222 (1987). The amendment "suggests congressional intent to limit vaccine petitioners' entitlement to compensation to costs that can be reasonably anticipated at the time of the award." Neher, 984 F.2d at 1200. Petitioner's motion for modification of his award based on an "unforeseen and unanticipated" increase in the cost of his nursing facility care is not permissible under the Vaccine Act.

Furthermore, the terms of the parties' stipulation itself preclude the court from modifying the terms of the award. The stipulation provides that "[t]here is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to," and that should the Special Master fail to issue a decision "in complete conformity with the terms of this Stipulation" "the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party." Stip. at ¶¶ 17, 18.

Petitioner argues that it was not the "intended result" of the stipulation that he be forced to expend his personal savings and pain and suffering award on nursing facility costs. See Pet. Memo. at 3. Petitioner claims that he is "not requesting additional compensation beyond that which the Respondent had already agreed to provide; that is, it was always agreed between the parties that Respondent would pay for five (5) years of future nursing charges, the only question was the resulting amount." Id. at 11. However, nowhere does the stipulation reference this intention. Rather, the stipulation enumerates the items of compensation to be awarded petitioner, including a lump sum for pain and suffering and past unreimbursable expenses, and the purchase

---

[4] Petitioner's citations bolstering the argument that consent judgments may be modified are not relevant to the issue in the present case. The question here is not whether a consent judgment *may* be subject to modification under appropriately exceptional circumstances, but rather whether such circumstances exist in this case. See Pet. Memo. at 4 (citing, e.g. Northridge Church v. Charter Tp. of Plymouth, 647 F.3d 606, 613 (6th Cir. 2011), W.L. Gore & Associates, Inc. v. C.R. Bard, Inc., 977 F.2d 558, 561 (Fed. Cir. 1992)).

of the annuity. Stip. at ¶ 8, 10. The stipulation provides that it is a complete integration of the parties' agreement, and further notes that "a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement." Stip. at ¶¶ 17,18. The judgment was entered in accordance with the terms of the stipulation, and the court does not have the authority under the stipulation itself to unilaterally change the terms of the settlement agreement.

### IV.     Conclusion

The petitioner has failed to demonstrate circumstances that justify relief under RCFC 60(b). Therefore, the petitioner's Motion for Relief from Judgment and associated relief pursuant to RCFC 60(b) is **DENIED**.

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Chief Special Master
