# In the United States Court of Federal Claims

No. 10-669V

Filed May 25, 2016[*]

| | |
|---|---|
| ALEX B. KENZORA, | ) |
| | ) |
| Petitioner, | ) National Childhood Vaccine Injury Act of |
| | ) 1986 ("Vaccine Act"), 42 U.S.C. § |
| v. | ) 300aa–1 to –34 (2012); Motion for Relief |
| | ) from Judgment, RCFC 60(b); Vaccine |
| SECRETARY OF HEALTH AND | ) Rule 36. |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

*Jeffrey A. Golvash*, Brennan, Robins & Daley, P.C., Pittsburg, PA, for petitioner.

*Amy P. Kokot*, Trial Attorney; *Voris E. Johnson, Jr.*, Assistant Director; *Vincent J. Matanoski*, Deputy Director; *Rupa Bhattacharyya*, Director; *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I. INTRODUCTION

Petitioner, Alex B. Kenzora, seeks review of a September 25, 2015 decision of the special master denying his motion for relief from judgment, pursuant to Vaccine Rule 36. Because the record before the Court shows that the special master's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, the Court **DENIES** petitioner's motion for review and **SUSTAINS** the decision of the special master.

---

[*] Pursuant to Rule 18(b) of Appendix B of the Rules of the United States Court of Federal Claims, this Memorandum Opinion and Order was filed under seal on March 17, 2016.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[1]

Petitioner, Alex B. Kenzora, seeks review of the special master's September 25, 2015 decision denying his motion for relief from the judgment entered in his vaccine injury case, pursuant to Vaccine Rule 36. *See generally* Pet. Mem. for Rev. In his motion for review, petitioner alleges that:

(1) The Special Master committed an error of law by concluding that the judgment at issue was not "executory" and thus not a judgment with "prospective application" for purposes of relief under Rule 60(b)(5);

(2) The Special Master committed an error of law by narrowly construing the equitable power of the court to grant relief from judgment under Rule 60(b)(6); and

(3) The Special Master committed an error of law by concluding that judgment entered pursuant to a settlement stipulation, in essence a consent judgment or consent decree, may not be set aside or modified, in whole or in part, under Rule 60(b).

Pet. Mem. for Rev. at 4. As relief, petitioner requests that the Court set aside the special master's September 25, 2015 decision and remand this matter to the Office of Special Masters. *Id.* at 5.

The relevant factual background for this matter is set forth in detail in the special master's September 25, 2015 decision ("Special Master's Decision"). *Kenzora v. Sec'y of Health & Human Servs.*, No. 10-669V, Doc. 53, 2015 WL 6121582 (Fed. Cl. Spec. Mstr. Sept. 25, 2015). On October 4, 2010, petitioner filed a petition pursuant to the National Vaccine

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from the special master's September 25, 2015 decision denying petitioner's motion for relief from judgment in K*enzora v. Sec'y of Health & Human Servs.*, No. 10-669V, Doc. 53, 2015 WL 6121582 (Fed. Cl. Spec. Mstr. Sept. 25, 2015) ("Special Master's Decision at __"); petitioner's motion for review of the Special Master's Decision and memorandum in support thereof ("Pet. Mem. for Rev. at __"); the Secretary's response to petitioner's motion for review ("Resp. Br. at __"); the stipulation entered into by petitioner and the Secretary on April 30, 2013 ("Stipulation at __"); petitioner's March 13, 2015 motion for relief from judgment and memorandum in support thereof ("Pet. Mem. for Relief at __"); petitioner's affidavit dated April 27, 2015, filed in support of petitioner's motion for relief from judgment ("Pet. Aff'd. at __"); the special master's decision dated April 30, 2013, adopting the Stipulation ("April 2013 Decision at __"); and the Court's May 6, 2013 judgment resolving petitioner's vaccine injury claims ("May 2013 Judgment"). Except where otherwise noted, the facts recited here are undisputed.

Injury Compensation Program alleging that he suffered transverse myelitis as the result of an influenza vaccination administered to him on October 19, 2007. *Id*. at 1.

On April 30, 2013, petitioner and the Secretary of Health and Human Services (the "Secretary") filed a stipulation agreement that awarded petitioner certain compensation in the proceedings before the special master (the "Stipulation"). *Id*. at 1-2. On that same day, the special master issued a decision which incorporated the terms of the Stipulation (the "April 2013 Decision"). *Id*. On May 6, 2013, the Court entered judgment in the matter awarding petitioner certain compensation pursuant to the special master's April 2013 Decision (the "May 2013 Judgment"). *Id*.; *Kenzora v. Sec'y of Health & Human Servs.*, No. 10-0669V, Judgment (Fed. Cl. May 6, 2013). Petitioner accepted the May 2013 Judgment on May 7, 2013. Special Master's Decision at 2.

The May 2013 Judgment provides that:

Pursuant to the special master's decision, filed April 30, 2013, adopting the parties' stipulation, filed April 30, 2013, it was held that petitioner is entitled to an award.

IT IS ORDERED AND ADJUDGED this date, pursuant to Vaccine Rule 11(a), that petitioner is awarded compensation as follows:

- a lump sum payment of $104,737.34, in the form of a check payable to petitioner, which represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraphs 8.b, 8.c, and 8.d of the parties' stipulation;

- a lump sum payment of $269,388.32, which represents reimbursement of a State of West Virginia Medical lien, in the form of a check payable jointly to petitioner and DHHR/HMS Tort Recovery; P.O. Box 11073; Charleston, WV 25339; Case Number 125148; Attn: Ms. Tiffany Stewart;

- an amount sufficient to purchase the annuity contract described in paragraph 10 of the parties' stipulation, paid to the life insurance company from which the annuity will be purchased;

- a lump sum of $31,890.97, in the form of a check payable jointly to petitioner and petitioner's counsel of record for petitioner's attorney fees and costs; and

- a lump sum of $350.00, in the form of a check payable to petitioner for his personal litigation costs.

May 2013 Judgment. Pursuant to the Stipulation, the Secretary was obligated to purchase an annuity contract from a life insurance company to provide for the following annuity payments called for in the May 2013 Judgment:

> Beginning as soon as practicable after the date of judgment, $6,000.00 per month for five (5) years life contingent, increasing at three percent (3%) compounded annually from the date payments begin.

Stipulation at ¶ 10. The Stipulation further provides that, once the Secretary purchased the annuity contract, the Secretary and the United States "are released from any and all obligations with respect to future annuity payments." *Id*. at ¶ 11. In addition, the Stipulation states that "[t]here is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to." *Id*. at ¶ 18. Lastly, the Stipulation further states that, should the special master fail to issue a decision "in complete conformity with the terms of this Stipulation, . . . the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party." Id. at ¶ 17.

The Secretary purchased an annuity contract in accordance with the terms of the Stipulation. Special Master Decision at 2. Petitioner has been receiving annuity payments since July 2013. Pet. Aff'd. at ¶ 8.

Following entry of the May 2013 Judgment, petitioner became concerned about whether the amount of his monthly annuity payments would cover his nursing facility costs. *See generally* Pet. Mem. for Relief. On March 13, 2015, petitioner filed a motion for relief from the May 2013 Judgment, requesting that the special master set aside, or alter, the Judgment pursuant to RCFC 60(b) and Vaccine Rule 36. *Id*.[2] In his motion for relief from judgment, petitioner argued that the monthly annuity payments provided for under the May 2013 Judgment were insufficient to cover his costs, because his monthly nursing facility charge was higher than he expected at the time of settlement. *Id*. at 2.[3] And so, petitioner requested that the special master

---

[2] Petitioner initially sought relief from judgment under RCFC 60(b)(6), but later amended his motion to also seek relief under RCFC 60(b)(6). *See generally* Pet. Mem. for Relief.

[3] Specifically, petitioner argues that he and the Secretary estimated that his monthly nursing facility charges would be $5,850.00. Pet. Mem. for Relief at 8. But, his monthly nursing facility charges are actually are between $6,500.00 and $8,200.00. *Id*. Petitioner receives $6,180.00 per month in accordance with the May 2013 Judgment. *Id*.

4

liquidate or modify the annuity payment called for under the May 2013 Judgment, so that petitioner could qualify for Medicaid to help cover the additional monthly nursing facility costs. *Id*. at 2-3.

    B.    **The Special Master's Decision**

On September 25, 2015, the special master issued a decision denying petitioner's motion for relief from judgment. *See generally* Special Master's Decision. In the decision, the special master concluded that the facts presented in this case do not meet the criteria for relief under RCFC 60(b) and, thus, do not warrant relief from the May 2013 Judgment. *Id*. at 1.

First, with respect to petitioner's request for relief from judgment under RCFC 60(b)(5), the special master determined that the fact that petitioner's annuity payments do not fully cover his nursing facility costs is not a circumstance that makes the prospective application of the May 2013 Judgment no longer equitable within the meaning of RCFC 60(b)(5). *Id.* at 4. In this regard, the special master found that RCFC 60(b)(5) has not been held to apply to judgments−like the May 2013 Judgment−that involve money damages and that the rule should primarily be read within the context of injunctive relief. *Id.* And so, the special master concluded that the monthly annuity payments to petitioner are executory, in the sense that these payments are to be made over the course of five years. *Id*. But, the May 2013 Judgment itself−which only obligates the Secretary to purchase the annuity contract to provide for these payments−is not executory and has no prospective application within the meaning of RCFC 60(b)(5). *Id*.

The special master also determined that petitioner had not shown changed circumstances that would warrant relief under RCFC 60(b)(5). *Id*. at 4-5. In this regard, the special master determined that, the fact that petitioner's actual cost of care is higher than anticipated is not a changed circumstance that warrants relief under RCFC 60(b)(5). *Id*. Specifically, the special master observed that, prior to entering into the Stipulation, petitioner was advised about the cost of his nursing facility care and petitioner had been informed that "[a]ll ancillary services as well as pharmacy will be billed *separately* for private pay residents." *Id*. at 5 (emphasis in original). The special master also observed that petitioner acknowledged during the proceedings before the special master that he anticipated that this vaccine injury settlement would render him ineligible for Medicaid at the time of settlement. *Id*. And so, the special master concluded that "[i]t

5

appears that the 'changed circumstances' petitioner alleges are actually the result of an erroneous belief held by petitioner *at the time he entered into the settlement*—that the quoted nursing facility costs would remain fixed in the future." *Id.* (emphasis in original).[4]

The special master also considered and rejected petitioner's argument that the Tenth Circuit's decision in *Zimmerman v. Quinn* supports his claim for relief under RCFC 60(b)(5). *Id*. at 6; *Zimmerman v. Quinn*, 744 F.2d 81, 81 (10th Cir. 1984). Specifically, the special master determined that the circumstances presnted in *Zimmerman* did not apply in petitioner's case because, unlike in *Zimmerman*, the alleged changed circumstance in this case took place after the parties had fully complied with their obligations under the terms of the May 2013 Judgment. Special Master's Decision at 5-6. And so, the special master concluded that no changed circumstances exists that would warrant relief under RCFC 60(b)(5). *Id*.

The special master also determined that relief from judgment was not warranted under the catchall provision set forth in RCFC 60(b)(6). *Id*. at 6. Specifically, the special master determined that the fact that petitioner's annuity payments do not fully cover all of his costs is not a basis upon which to set aside the May 2013 Judgment under RCFC 60(b)(6). *Id.* In this regard, the special master observed that RCFC 60(b)(6) "must be construed narrowly in order to preserve the finality of judgments." *Id*. Relying upon this Court's decision in *Kennedy v. Sec'y of Health & Human Servs.*, the special master further observed that relief from judgment under RCFC 60(b)(6) "must be justified by a showing of 'exceptional circumstances,' where a 'grave miscarriage of justice' would result, and the 'substantial rights' of the party would be harmed if relief is not granted." *Id.* (citing *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 540, 548, *aff'd*, 485 F. App'x 435 (Fed. Cir. 2012)). The special master also determined that RCFC 60(b)(6) does not relieve a party from a "free, calculated, and deliberate choice." *Id*. (citing *Kennedy*, 99 Fed. Cl. at 548 (quoting *Ackermann v. United States*, 340 U.S. 193 at 198 (1950))). In light of these standards, the special master concluded that no such exceptional circumstances existed in this case because, petitioner was represented by counsel at the time of

---

[4] The special master also observed that petitioner's request for relief might have been more appropriately brought under RCFC 60(b)(1), which provides relief for a "mistake." Special Master's Decision at 5. But, she further observed that such a request would be untimely in this case, because a party must move pursuant to RCFC 60(b)(1) within one year of judgment and more than a year had elapsed since the May 2013 Judgment. *Id*.

settlement, the May 2013 Judgment "is a significant award to petitioner that covers the majority of his care, and based on the procedural history it appears the settlement was well negotiated." Special Master's Decision at 6.

Lastly, the special master determined that granting petitioner's motion for relief from judgment would not result in the relief that petitioner seeks in this matter. *Id*. at 7. Specifically the special master determined that she did not have the authority to liquidate or modify the annuity provided for in the May 2013 Judgment, or to set aside or modify that judgment under the Vaccine Act or the terms of the Stipulation. *Id*. With respect to the authority granted under the Vaccine Act, the special master determined that the Vaccine Act does not allow for periodic adjustments of awards where the award later proves insufficient to meet actual expenses. *Id*. And so, she concluded that petitioner's request to modify the May 2013 Judgment, based upon an increase in the cost of his nursing facility care, would not be permissible under the Vaccine Act. *Id*.

In addition, the special master determined that the Stipulation also precluded her from modifying or liquidating the amount of the annuity to be paid to petitioner. *Id.* Specifically, the special master observed that the Stipulation provides that "[t]here is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to." *Id*. (quoting Stipulation at ¶ 18). She also observed that the Stipulation provides that, should the special master fail to issue a decision "in complete conformity with the terms of this Stipulation, . . . the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party." Special Master's Decision at 7 (quoting Stipulation at ¶ 17). And so, the special master concluded that the May 2013 Judgment had been entered in accordance with the terms of the Stipulation and that she did not have the authority to unilaterally change the terms of that agreement. Special Master's Decision at 8.

    C.    **Procedural History**

Petitioner filed a motion for review of the Special Master's Decision and a memorandum in support thereof on October 22, 2015. *See generally* Pet. Mem. for Rev. On November 23, 2015, the government filed a response to petitioner's motion for review. *See generally* Resp. Br.

7

Prior to filing this action, petitioner filed a petition pursuant to the National Vaccine Injury Compensation Program alleging that he suffered transverse myelitis as the result of an influenza vaccination on October 4, 2010. Special Master's Decision at 1. On April 30, 2013, petitioner and the Secretary filed the Stipulation awarding petitioner certain compensation. *Id.* at 2. On April 30, 2013, the special master issued a decision which incorporated the terms of the Stipulation. *Id.*; *see generally* April 2013 Decision. On May 6, 2013, the Court entered judgment awarding petitioner certain compensation pursuant to the special master's April 2013 Decision. Special Master's Decision at 1; *see generally* May 2013 Judgment. Petitioner accepted the May 2013 Judgment on May 7, 2013. Special Master's Decision at 2.

On March 13, 2015, petitioner filed a motion for relief from the May 2013 Judgment, pursuant to RCFC 60(b) and Vaccine Rule 36. *Id*. On September 25, 2015, the special master issued a decision denying petitioner's motion for relief from judgment, resulting in the motion for review of the Special Master's Decision presently pending before the Court. *See generally* Special Master's Decision; Pet. Mem. for Rev. That matter having been fully briefed, the Court addresses the pending motion for review.

### III. STANDARDS FOR DECISION

#### A. The Vaccine Act

The United States Court of Federal Claims has jurisdiction to review the record of the proceedings before a special master and, upon such review, may:

> (A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision;
>
> (B) set aside any findings of fact or conclusions of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law; or
>
> (C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa–12(e)(2).

A special master's discretionary rulings are reviewed for "abuse of discretion." *Lampe v. Sec'y of Health & Human Servs.*, 219 F.3d 1357, 1369 (Fed. Cir. 2000). An abuse of discretion

exists when "the lower court's decision was based on an erroneous conclusion of law or on a clearly erroneous finding of fact." *Patton v. HHS*, 25 F.3d 1021, 1029 (Fed. Cir. 1994) (citation omitted). And so, a special master's decision to grant or deny relief pursuant to RCFC 60(b) is reviewed "under an APA-like standard," meaning that the decision should be set "aside only if it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Vessels v. Sec'y of Dep't of Health & Human Servs.*, 65 Fed. Cl. 563, 565 (2005) (internal citations omitted).

B. **Vaccine Rule 36**

Pursuant to Vaccine Rule 36(b), a party may seek review of a decision by a special master to deny a motion for relief from judgment pursuant to RCFC 60. Vaccine Rule 36(b). The Vaccine Rule provides, in relevant part, that:

> (1) In General. If a motion pursuant to RCFC 59 or 60 is referred to the special master pursuant to subdivision (a) of this rule, the special master must file a written ruling on the motion.
>
> (2) Effect. The ruling of the special master will be the final ruling of the court on the motion, unless a party files with the clerk a motion for review of that ruling.
>
> (3) Motion for Review. A party may file a motion for review of the special master's ruling, accompanied by a memorandum of objections to the ruling, within 30 days after the date of the ruling. *See* Vaccine Rules 23 and 24. . . .
>
> (7) Reviewing the Ruling of the Special Master. After reviewing the ruling of the special master, the assigned judge may set aside the ruling only if it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* Vaccine Rule 27.

Vaccine Rule 36(b).

C. **RCFC 60(b)**

RCFC 60 addresses relief from a judgment, or order of the Court. RCFC 60. In this regard, RCFC 60(b) provides, in relevant part, that the Court may relieve a party from a "final judgment, order, or proceeding" because:

> (5) . . . applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

9

RCFC 60(b)(5)-(6).[5]

This Court has held that "[a] motion for relief from judgment is one for extraordinary relief entrusted to the discretion of the court." *Matos by Rivera*, 30 Fed. Cl. at 225 (internal quotations omitted). The Court has also held that the party seeking relief from judgment bears the burden of establishing that exceptional circumstances warrant such extraordinary relief. *Matos,* 30 Fed. Cl. at 226.

The United States Court of Appeal for the Federal Circuit has liberally construed the exception to finality of judgment under RCFC 60(b) for the purpose of doing "substantial justice." *Patton*, 25 F.3d at 1030. But, the United States Supreme Court has noted that "relief from a final judgment . . . [is allowed only] under a limited set of circumstances." *Gonzales v. Crosby*, 545 U.S. 524, 529 (2005); *See also Kennedy*, 99 Fed. Cl. at 548 (finding that ineffective assistance of petitioner's parents when representing him was an extraordinary circumstance); *D.B. v. Sec'y of Health & Human Servs.*, 2015 WL 7271767, at *6 (Fed. Cl. Nov. 18, 2015) (finding that the indictment of petitioner's expert doctor was not an extraordinary circumstance). In determining whether circumstances justify granting relief from judgment pursuant to RCFC 60(b), the Court is granted discretion to weigh equitable considerations and to find "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1386 (Fed. Cir. 2007) (quotations omitted). The Court should not grant relief under RCFC 60(b) "if substantial rights of the party have not been harmed by the judgment." *Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 240, 242 (2000). And so, RCFC 60(b) should not be used "simply to relitigate a case." *D.B.*, 2015 WL 7271767, at *4-5 (quoting *Wagstaff v. United States,* 595 Fed. Appx. 975, 978 (Fed. Cir. 2014)).

RCFC 60(b)(5) provides, in relevant part, that a party may be relieved from final judgment if "applying it prospectively is no longer equitable." RCFC 60(b)(5). This Court has held that RCFC 60(b)(5) applies to judgments that are "executory" in nature, or those that entail

---

[5] RCFC 60(b) is identical to Fed. R. Civ. P. 60(b). *Compare* RCFC 60(b), *with* Fed. R. Civ. P. 60(b). And so, cases interpreting the meaning and intent of Fed. R. Civ. P. 60 are applicable in analyzing RCFC 60(b). *D.B. v. Sec'y of Health & Human Servs.*, No. 09-221V, 2015 WL 7271767, at *4.

the Court supervising "changing conduct or conditions." *Lemire v. Sec'y of Health & Human Servs.*, 2008 WL 2490654, at *7 (Fed. Cl. June 3, 2008) (internal citations omitted); *Smith v. United States*, 495 F. App'x 44, 50 (Fed. Cir. 2012)). In this regard, the Court has recognized that injunctive relief is the classic example of a judgment with prospective application. *Lemire*, 2008 WL 2490654 at *7. In addition, the Court has held that RCFC 60(b)(5) does not generally encompass judgments for money damages, because such judgments have no prospective effect. *Id.* at 8. The United States Court of Appeals for the First Circuit has also held that a judgment is executory, and therefore has a prospective application under RCFC 60(b)(5), when the judgment does not resolve all of the parties' rights and liabilities, leaving "some of those rights and liabilities to be determined on the basis of future events." *United States v. Kayser-Roth Corp.*, 103 F. Supp. 2d 74, 79 (D.R.I. 2000), aff'd, 272 F.3d 89 (1st Cir. 2001).

RCFC 60(b)(6) provides that a party may be relieved from final judgment for "any other reason that justifies relief." RCFC 60(b)(6). But, relief pursuant to RCFC 60(b)(6) may not be premised upon one of the grounds for relief set forth in the other parts of RCFC 60(b). *Kennedy*, 99 Fed. Cl. at 547 (internal citation omitted). This Court has recognized RCFC 60(b)(6) to be a "grand reservoir of equitable power to do justice in a particular case," although not a "bottomless" one. *G.G.M. v. Sec'y of Health & Human Servs.*, 122 Fed. Cl. 199, 204 (2015) (quoting *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013)). And so, relief pursuant to RCFC 60(b)(6) may be granted "only for exceptional or extraordinary circumstances." *Louisville Bedding Co. v. Pillowtex Corp.*, 455 F.3d 1377, 1380 (Fed. Cir. 2006) (internal citations omitted); *see also Perry v. United States*, 558 Fed. Appx. 1004, 1006 (Fed. Cir. 2014); *Kennedy*, 99 Fed. Cl. at 548 (a strict interpretation of the broad text of RCFC 60(b)(6) is necessary to preserve the "finality of judgments" and RCFC 60(b)(6) cannot serve as the grounds to relieve a party from a "free, calculated, and deliberate choice"); *Greenbrier v. United States,* 75 Fed. Cl. 637, 641 (2007) (litigation must come to an end and "the impact of tactical litigation decisions that prove to be unsuccessful" is not included among the "exceptional or extraordinary circumstances"). Such exceptional or extraordinary circumstances exist when, absent relief, a "grave miscarriage of justice" would result, and the "substantial rights" of the party would be harmed. *Kennedy*, 99 Fed. Cl. at 540, 548; *see also Dynacs Eng'g Co.*, 48 Fed. Cl. at 242.

IV.   LEGAL ANALYSIS

In his motion for review, petitioner enumerates three objections to the special master's decision denying his motion for relief from the May 2013 Judgment. *See generally* Pet. Mem. for Rev. First, petitioner argues that the special master committed an error of law by concluding that the May 2013 Judgment was not executory and, thus, not a judgment with prospective application under RCFC 60(b)(5). *Id*. at 7. Second, petitioner argues that the special master committed an error of law in narrowly construing the equitable power to grant him relief from judgment under RCFC 60(b)(6). *Id*. at 14. Lastly, petitioner argues that the special master committed an error of law by concluding that she could not modify the May 2013 Judgment as petitioner requests in this matter. *Id*. at 17.

The Secretary counters that the Court should deny petitioner's motion for review and sustain the decision of the special master because, (1) the special master correctly determined that petitioner is not entitled to relief from judgment pursuant to RCFC 60(b); (2) the Vaccine Act and the Stipulation preclude the special master from modifying the May 2013 Judgment; and (3) the relief petitioner seeks cannot be achieved under RCFC 60(b). Resp. Br. at 8-16. For the reasons discussed below, the special master's decision denying petitioner's motion for relief from judgment was reasonable and in accordance with law. And so, the Court denies petitioner's motion for review and sustains the decision of the special master.

A.   **The Special Master Reasonably Determined That Petitioner Is Not Entitled To Relief From Judgment Under RCFC 60(b)(5)**

1.   **The Special Master Did Not Abuse Her Discretion By Finding That The May 2013 Judgment Does Not Have Prospective Application**

As an initial matter, the special master's decision to deny petitioner's motion for relief from judgment because the May 2013 Judgment did not have prospective application was reasonable and in accordance with law. As discussed above, under RCFC 60(b)(5), the Court may set aside a judgment if applying the judgment prospectively would no longer be equitable. RCFC 60(b)(5). In this regard, this Court has held that "the term 'prospective application' is a term of art with specific meaning: prospective application means a continuing effect of judgment that is 'executory' or involves 'the supervision of changing conduct or conditions.'" *Lemire*, 2008 WL 2490654, at *7 (internal citations omitted); *see also Smith*, 495 F. App'x at 50.

And so, this Court has held that the prospective application clause of RCFC 60(b)(5) is designed primarily to incorporate the inherent power of a court of equity to modify an injunction in adaption to changed circumstances. *Lemire*, 2008 WL 2490654 at *7.

In her decision denying petitioner's motion for relief from judgment, the special master found that relief from judgment under RCFC 60(b)(5) was not available to petitioner here, because all of the obligations in the May 2013 Judgment had been fulfilled. Special Master's Decision at 4. In this regard, the special master acknowledged that the monthly annuity payments to petitioner are executory in nature because these payments are received over the course of several years. *Id*. But, she determined that the May 2013 Judgment itself is not executory, because the judgment only required that the Secretary purchased the annuity contract to provide for the payment and the Secretary has completed that purchase using finite funds and a life insurance company had been providing monthly annuity payments to petitioner. *Id.*

In addition, the special master noted that this Court held in *Lemire v. Sec'y of Health & Human Servs.* that the very nature of a Vaccine Act petition is an action at law, and that such an action for monetary damages is "incongruent to a basic understanding of prospective relief." *Id*. (citing *Lemire*, 2008 WL 2490654 at *8; RCFC 60(b)(5)). And so, the special master concluded that petitioner's receipt of annuity payments over several years pursuant to a monetary judgment is not the type of prospective application that RCFC 60(b)(5) contemplates may be rendered inequitable due to changed circumstances. Special Master's Decision at 4.

The special master's decision is reasonable and in accordance with law because there is nothing prospective about the May 2013 Judgment. *See generally* May 2013 Judgment; *see also Lemire*, 2008 WL 2490654 at *7-8. A plain reading of the May 2013 Judgment makes clear that the judgment directed the Secretary to purchase an annuity contract to provide monthly annuity payments to petitioner. *See generally* May 2013 Judgment. The May 2013 Judgment states, in relevant part, that:

> IT IS ORDERED AND ADJUDGED this date, pursuant to Vaccine Rule 11(a), that petitioner is awarded compensation as follows: . . .
>
> - an amount sufficient to purchase the annuity contract described in paragraph 10 of the parties' stipulation, paid to the life insurance company from which the annuity will be purchased . . .

13

*Id*. It is without dispute that the Secretary has purchased the annuity contract called for by the May 2013 Judgment. Pl. Mem. for Rev. at 3; Resp. Br. at 4. It is also without dispute that petitioner received his first annuity payment in July 2013, and that these monthly payments continue pursuant to the terms of the Stipulation. Pl. Mem. for Rev. at 3; *see also* Pet. Aff'd. at ¶ 8. Given this, the May 2013 Judgment does not place a continuing duty upon the Secretary to perform any obligation and the judgment is not contingent on future circumstances or events. *Lemire*, 2008 WL 2490654 at *8. And so, the special master reasonably concluded that the May 2013 Judgment was not executory in nature and, thus, did not have a prospective application within the meaning of RCFC 60(b)(5). Special Master's Decision at 4-6.

The special master also correctly construed this Court's decision in *Lemire v. Sec'y of Health & Human Servs.* to support her conclusion. As the Court held in *Lemire*, petitioner's Vaccine Act petition is an action at law, not at equity. *Lemire*, 2008 WL 2490654, at *8. As such, the monetary compensation that petitioner seeks here is simply "incongruent to a basic understanding of prospective relief." *Id*.[6] And so, the special master appropriately concluded that petitioner is not entitled to relief under the prospective application clause of RCFC 60(b)(5). Special Master's Decision at 4-6.

### 2. The Special Master Did Not Abuse Her Discretion In Finding No Changed Circumstances That Warrant Relief

Similarly, the special master reasonably determined that petitioner failed to show changed circumstances that warrant relief under RCFC 60(b)(5). In this matter, petitioner argues that changed circumstances warranting relief exists because, "an unforeseen and unanticipated increase in [petitioner's] monthly nursing facility charges" has resulted in his monthly annuity payments not fully covering his costs. Pet. Mem. for Rev. at 10. Petitioner's argument is, however, belied by the record before the Court.

---

[6] In *Lemire*, this Court observed that "[t]he Supreme Court, in the formative case of *United States v. Swift & Co.*, 'held that it was the inherent right of a court of equity to modify an injunction in adaptation to changed circumstances which rendered the injunction an instrument of wrong;' therefore, '[t]he clause of Rule 60(b)(5) allowing for relief from the inequitable prospective application of a judgment was designed primarily to incorporate that inherent power, and the clause should be used in light of the *Swift* decision.'" *Lemire*, 2008 WL 2490654 at *7 (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 651 (1st Cir.1972)).

In her decision denying petitioner's motion for relief from judgment, the special master found that the fact that petitioner's actual cost of care is higher than anticipated is not a changed circumstance that warrants relief under RCFC 60(b)(5). Special Master's Decision at 4-5. In this regard, the special master observed that−at the time of settlement−petitioner requested a quote from his nursing facility regarding the cost of room and board. *Id.* at 5. She further observed that petitioner was advised at the time, that these expenses were not anticipated to increase over the next two years, but that certain services would be billed separately. *Id.* And so, the special master concluded that the "changed circumstances" that petitioner alleges in this matter are in actuality a result of petitioner's erroneous belief−at the time of settlement−that his nursing facility care costs would remain fixed into the future. *Id.*

The special master's decision is reasonable and in accordance with law. During the proceedings before the special master, petitioner acknowledged that−at the time that he entered into the Stipulation−he expected that on some months his nursing facility charges would be in excess of the annuity and that, on those months, he would be required to pay out of pocket. Pet. Aff'd. at ¶ 6.[7] The record before the Court also shows that petitioner and the Secretary accounted for some increase in petitioner's nursing facility costs by incorporating a three percent annual increase into petitioner's monthly annuity payments:

> The Secretary of Health and Human Services agrees to purchase an annuity contract . . . pursuant to which the Life Insurance Company will agree to make payments periodically to Alex B. Kenzora for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a), as follows:
>
> a. Beginning as soon as practical after the date of judgment, $6,000 per month for five (5) years life contingent, *increasing at three percent (3%) compounded annually from the date payments begin*.

Stipulation at ¶ 10 (emphasis added). Given this, the record shows that petitioner did anticipate an increase in his nursing facility costs at the time of settlement, but he underestimated the significance of that increase over the life of the annuity payments. And so, the special master

---

[7] In his affidavit, petitioner states that "I understand my annuity payment of $6,000.00, increasing at 3% compounded annually, would cover my monthly nursing charges on most months, and for those months when the charge would be in excess, I would go out of pocket for those controlled amounts previously assessed and realized." Pet. Aff'd. at ¶ 6.

15

appropriately concluded that the fact that the amount of petitioner's monthly annuity no longer covers the entire cost of his nursing facility care is not the result of changed circumstances. Special Master's Decision at 4-5. Rather, this circumstance is the result of a mistaken belief, held by petitioner at the time that he entered into the Stipulation, that his nursing facility costs would not significantly increase during the life of the annuity. *Id.*; RCFC 60(b)(5); RCFC 60(b)(1).

Petitioner, nonetheless, relied upon *Zimmerman v. Quinn*, a Tenth Circuit case that is not binding upon this Court, to show that he has experienced changed circumstances that warrant relief under RCFC 60(b)(5). 744 F.2d 81, 81 (10th Cir. 1984); Pet. Mem. for Rev. at 10-11, 13-14. Petitioner's reliance upon *Zimmerman* is misplaced.

The judgment at issue in the *Zimmerman* case required that the defendant in that case "immediately transfer" to plaintiff certain interest in oil, gas and mineral leases and required that the defendant bear all tax liability until the transfer occurred. 744 F.2d at 81-82. The transfer in *Zimmerman* was unexpectedly delayed by several months. *Id*. at 82. As a result, the court of appeals held that the lengthy transfer process was a changed circumstance and that the defendant in *Zimmerman* should be granted relief from the judgment. *Id*. at 83. The factual circumstances in *Zimmerman* are simply not analogous to the present case. Here, unlike in *Zimmerman*, it is without dispute that the Secretary has fully performed her obligations under the May 2013 Judgment to purchase an annuity contract from a life insurance company. Pl. Mem. for Rev. at 3; Resp. Br. at 4; Special Master Decision at 5-6. In fact, there are no outstanding obligations under the May 2013 Judgment for either party in this case. *See* May 2013 Judgment. As a result, there is no changed circumstance in this case which effects the parties' obligations under the judgment. Rather, petitioner no longer likes the bargain that he struck with the Secretary regarding the amount of his monthly annuity. And so, the special master did not err in finding that petitioner failed to establish changed circumstances as required by RCFC 60(b)(5).

B. **The Special Master Did Not Abuse Her Discretion In Finding That Petitioner Is Not Entitled To Relief Under RCFC 60(b)(6)**

The special master's decision to deny petitioner's motion for relief pursuant to RCFC 60(b)(6) was also reasonable and in accordance with law, because the special master properly construed the Court's equitable power to grant relief under RCFC 60(b)(6). Special Master's

Decision at 6. In this regard, petitioner argues that the special master abused her discretion when she "analyzed [his] request for relief from the narrow standpoint of why the circumstances supporting the motion were not 'exceptional' versus the more liberal viewpoint of why such circumstances could be considered 'exceptional' so as to justify relief." Pet. Mem. for Rev. at 15. Petitioner's argument is belied by the record evidence.

As discussed above, RCFC 60(b)(6) permits the Court to set aside a judgment for "any other reason that justifies relief." RCFC 60(b)(6). The Federal Circuit has held that relief from judgment under RCFC 60(b)(6) may be granted "only for exceptional or extraordinary circumstances." *Louisville Bedding Co.*, 455 F.3d at 1380 (internal citations omitted); *see also Perry*, 558 Fed. Appx. at 1006. Such exceptional or extraordinary circumstances exist when, absent relief, a "grave miscarriage of justice" would result, and the "substantial rights" of the party would be harmed. *Kennedy*, 99 Fed. Cl. 535 at 540, 548; *see also Dynacs Eng'g Co.*, 48 Fed. Cl. at 242. And so, RCFC 60(b)(6) does not relieve a party from a "free, calculated, and deliberate choice." *Kennedy*, 99 Fed. Cl. at 548 (quoting *Paul Revere Variable Annuity Ins. Co.*, 248 F.3d at 1, 6).

In this case, the special master correctly determined that relief from judgment pursuant to RCFC 60(b)(6) is not available, because petitioner has not shown "exceptional circumstances, where a grave miscarriage of justice would result, and the substantial rights of the party would be harmed if relief is not granted." Special Master's Decision at 6 (internal citations omitted). In reaching this decision, the special master carefully weighed several equitable considerations. *Id*. at 6-7. The special master considered that petitioner had sufficient opportunity to investigate the cost of nursing facility care, that petitioner was represented by counsel in reaching a well-negotiated settlement agreement with the Secretary, and that petitioner had made a free, calculated, and deliberate choice in choosing to enter into the Stipulation and to accept the May 2013 Judgment. *Id*. at 6. Furthermore, the special master noted that petitioner received a significant award pursuant to the terms of the May 2013 Judgment. *Id*. And so, the special master reasonably concluded that petitioner's substantial rights have not been violated.

Because the record before the Court shows that petitioner was well represented at the time of the settlement and that petitioner was aware at the time of settlement of the fact that his nursing facility care costs could exceed the amount of his monthly annuity, there are no

exceptional or extraordinary circumstances present here that would warrant relief under RCFC 60(b)(6). Special Master's Decision at 6; Pet. Aff'd. at ¶ 6. And so, petitioner failed to meet his burden to demonstrate exceptional circumstances that would entitle him to relief under RCFC 60(b)(6). *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1386 (Fed. Cir. 2007) (the Court is granted discretion to weigh equitable considerations and to find "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done" (citations omitted)).

      C.    **The Special Master Did Not Abuse Her Discretion In Finding That She Lacked The Authority To Modify The Annuity Payment**

Finally, the special master's decision to deny petitioner's motion for relief upon the ground that she did not have the authority to modify or to liquidate the amount of the annuity payments called for by the May 2013 Judgment was also reasonable and in accordance with law, because the Vaccine Act and the Stipulation preclude such a change. Special Master's Decision at 7-8. In her decision, the special master found that the only relief that she could grant petitioner would be to set aside and vacate the May 2013 Judgment in its entirety. *Id.* at 7. Petitioner argues that the special master's conclusion is in error because the special master has the authority to set aside or modify a judgment in whole or in part. Pet. Mem. for Rev. at 17. Petitioner's argument is misguided.

The United States Court of Appeals for the Federal Circuit has held that the Vaccine Act is not intended to allow for subsequent increases in award judgments because later circumstances prove the initial award insufficient. *Neher by Neher v. Sec'y, Dep't of Health & Human Servs.*, 984 F.2d 1195, 1200 (Fed. Cir. 1993). The Federal Circuit has also observed that congressional amendments to the Vaccine Act suggest a "congressional intent to limit vaccine petitioners' entitlement to compensation to costs that can be reasonably anticipated at the time of the award." *Id.*

In this case, the May 2013 Judgment awarded petitioner those costs that were reasonably anticipated at the time that petitioner and the Secretary reached a settlement. *See* May 2013 Judgment. While petitioner now contends that the amount of the annuity provided for in the May 2013 Judgment is insufficient, the Vaccine Act does not permit subsequent enhancement of judgment awards. *Neher*, 984 F.2d at 1200; *see also* Pet. Mem. for Rev. And so, the special

18

master correctly concluded that she could not modify or liquidate the amount of the annuity payment provided for by the May 2013 Judgment. Special Master's Decision at 7.

In addition, the language of the Stipulation supports the special master's determination that she had no authority to modify or to liquidate the amount of the annuity payments called for by the May 2013 Judgment. *See generally* Stipulation. In this regard, the Stipulation provides that, "there is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to." Stipulation at ¶ 18. The Stipulation also notes that "a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement." *Id*. Indeed, the plain language of the Stipulation makes clear the special master had no authority to modify or to liquidate the amount of petitioner's annuity payment. *Id*. And so, the special master did not abuse her discretion, or act arbitrarily, capriciously or contrary to law, by concluding that she lacked the authority to "unilaterally change the terms of the settlement agreement." Special Master's Decision at 7, 8; RCFC 60(b).

## V. CONCLUSION

As set forth above, the special master's decision to deny petitioner's motion for relief from judgment upon the ground that the prospective application of the May 2013 Judgment would be inequitable, was reasonable and in accordance with law, because the May 2013 Judgment does not have a prospective application within the meaning of RCFC 60(b)(5). Similarly, the special master's determination that petitioner failed to show changed circumstances that would make the prospective application of the May 2013 judgment no longer equitable was also reasonable and in accordance with law, because there are no changed circumstances that impact the parties' respective obligations under the judgment.

Furthermore, the special master's decision to deny petitioner's motion for relief from judgment pursuant to RCFC 60(b)(6) was also reasonable and in accordance with law, because the special master properly construed the Court's equitable power to grant relief under RCFC 60(b)(6) and determined that petitioner did not show exceptional or extraordinary circumstances justifying relief from judgment.

Finally, the special master's decision to deny petitioner's motion for relief from judgment upon the ground that she did not have the authority to modify or to liquidate the amount of the annuity payments called for by the May 2013 Judgment was reasonable and in accordance with law, because the Vaccine Act and the language of the Stipulation preclude such a change to the terms of petitioner's agreement with the Secretary.

And so, for the foregoing reasons, the Court **DENIES** petitioner's motion for review and **SUSTAINS** the decision of the special master.

The Clerk is directed to enter judgment accordingly.

Each party to bear their own costs.

**IT IS SO ORDERED.**

        s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge